**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Azul At Spectrum AZ LLC, et al., | No. CV-22-00338-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Tamara S. Thomas, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Federal subject matter jurisdiction must exist based on Plaintiffs' complaint. *Takeda v. Northwestern Nat. Life Ins. Co.,* 765 F.2d 815, n. 9 (9th Cir. 1985) ("[U]nder the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (emphasis in original) (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

The Notice alleges that there have been "violations against the civil and constitutional rights," but the *Complaint* involves an "eviction action" for "[n]on-payment of rent, a violation of A.R.S. § 33-1368." (Docs. 1, 1-1.) Therefore, removal

would only be appropriate here if Defendants could invoke diversity jurisdiction, which they did not attempt to allege in their Notice of Removal.

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists, the Court finds that the Notice of Removal is facially deficient because it fails to affirmatively set forth the facts necessary to determine Plaintiffs' citizenship or that the controversy exceeds $75,000, exclusive of interests and costs. (Doc. 1.)

Having also reviewed the underlying Complaint, the Court finds that allowing defendants to amend their Notice of Removal would be futile because all parties appear to be Arizona citizens and the "total amount sought as of [February 23, 2022] is $4,507.86," including fees and costs. (Doc. 1-1 at 2.) That amount is far below the statutory requirement.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall remand this action to state court.

**IT IS FURTHER ORDERED** that the Application for Leave to Proceed In Forma Pauperis is denied as moot. (Doc. 2.)

Dated this 4th day of March, 2022.

Dominic W. Lanza
United States District Judge

- 2 -